22-15-58 Zivkovic v. Laura Christy Thank you and may it please the court good day my name is Daniel Walter and I'm appearing today on behalf of the appellants in this matter. What the district court did in the case below violates the principles that have been set forth by the Supreme Court in Gibbs and in Cohill numerous decisions of this court and codified in 28 USC 1367. After the class plaintiffs abandoned their federal labor claims which were the sole source of original jurisdiction the district court took upon itself to decide a very admittedly important and unsettled issue of New York labor law and so I'm sorry I don't like don't mean to jump into a room but it's sort of the threshold when you say they abandoned their claims I'm I still am trying to figure out what's where are those fair labor standards act claims was there a judgment dismissing them no your honor and that's a very good question uh in the if I call the court's to the joint appendix of 136 the court will see the joint pre-trial order in which the parties stipulated that only the New York claims would be tried right and what's important about that stipulation it says uh without waiving any arguments about jurisdiction the parties stipulate to only trying the case so what was the understanding was the understanding that the fair labor standards x claims were getting dismissed was the stipulation that well if we whatever the outcome is on the on the New York claims we essentially stipulate that that those apply in equal measure to the fair labor standards that claim even though we didn't give it to them or was it we're going to hold this in the back on the back burner and maybe come back and have a second bite at the apple what was the well you can't read anything more than the face of that document uh your honor I think as a matter of federal law you can't just leave things on back burners especially when the case with the facts of the case between an FSLA claim and a New York labor law claim overlap extensively but although you can't read into the pre-trial order anything beyond its words what you do know is that when the uh at the leaves in this case after almost a year of pre-trial I'm sorry post-judgment collection proceedings it came clear because the district court granted a retrial motion that all of a sudden the judgment that they were trying to collect on was not final anymore and the collection proceedings would not be proper moved under rule 54 to have a the court issue a partial final judgment now when they moved I'm sorry your honor was that motion consented to yes we did not have a problem with it because we wanted to get to our uh our appeal as well but what's significant about it was that in that motion the appellees had to make the representation to the court that there were no other claims involving the labor law issues left in the case what they said was the New York issues have been resolved and there are state law discrimination claims but they have nothing to do with New York statute okay they just sound clear they said the New York labor claims have been resolved not the federal labor claims have been resolved part of what I'm wondering about is so rule 54b trial judges district court is allowed to certify a partial final judgment there are limits to that right correct and and so but the limits are generally framed in terms of an abuse of discretion I'm trying to figure out whether it's a threshold matter without anybody objecting we need to decide whether the district court abused its discretion in granting the 54b motion when the federal claims at least as of the district court's records haven't been resolved and seem to be almost co-extensive with the state claims I don't believe so your honor because the understanding as I think is plainly inferred from the rule 54b application and decision was that those given as your honor just pointed out the intensely overlapping factual and legal issues uh under rule 54p there could not be an argument made that they were separable and you have to argue you have to successfully present that the cases that the I'm sorry the claims left in the district court are wholly separable from the ones that have been certified to go on appeal they couldn't make that argument for just the reason you said so I think there is no other inference that can be drawn is that in order to and remember what the motivation was here the motivation was for the appellees to enforce their judgment they didn't want to wait so I think the only fair inference is that they decided having gotten a very sizable judgment they would leave their federal claims behind and move forward is there any possibility of uh double enforcement of these claims can they recover can they recover money under both the uh federal statute and state law no your honor my understanding is is that they actually the new york claims are broader than the federal claims in terms of the damages you can you receive the question I think does a judgment on the on the state law claims then moot the federal claims I think that's a very good position I think that does make sense the only arguable theoretical and I wouldn't argue against it is that if some party tried to re-litigate in a second round uh it would cause a great deal of judicial inefficiency and trouble so I do think mooting is a rational explanation apart from the fact that I think one can fairly infer from everything that occurred in this case that the intention of the district court and of the parties uh were to let go those federal claims because again I'm not sure what could be done with them after after a full appeal well the judgment directs the clerk of the court to close the case doesn't that indicate that it resolved any outstanding issues I think that's another excellent observation your honor yes uh if in fact there had been a residual case now to be fair and it's important to consider this for other aspects of the case there were still pending state law discrimination claims in the district court that needed to be retried so I don't want to take the court too far down that line because we all know there's no overlap between that no no and that is why we did not object to the uh rule 54 partial final judgment because we understand uh that those cases didn't didn't conflict with one another but if I if I may your honor I think somewhat this although quite relevant obviously arguments is a is a bit of a tempest in a teapot because uh you know under 1367 c uh you you can have a court can dismiss uh claims for inappropriate exercise of supplemental jurisdiction not only when all federal claims have been dismissed but when the remaining claims or the claims I should say the remaining claims that need to be decided are deeply ensnared with an unsettled issue of state law and you know if this was just a dismissal case I think it'd be a closer question whether whether the the judgment should be be vacated but it's not in fact the driving issue in this case is the district courts dismissed you wouldn't be appealing right that's that's a very practical view but um in the event that that issue didn't arise even a little further down the line the uh the district court should not have decided the state law affirmative defense issues which it did pass upon and did not pass upon may I add on the bulk of them until the day of trial so your honor the court conceded that they were challenging issues of state law and what you had in terms of judicial precedent was a new york state appellate division stating that in fact the the decisions the affirmative defense applied and you had two district courts within new york likewise ruling that the affirmative defense is applied and the district court in this case decided he didn't agree well that had tremendous ramifications and uh you know getting now beyond i would urge the court obviously that it need go no further than the recognition of the of the precedent uh in this in this circuit that the case should be uh the judgment vacated the case dismissed without prejudice so so do to get to that question though we have to we have to jump over this sort of threshold question of whether by agreeing to this framework you all waived it so i i guess to get there we have to part ways from the eight circuits that have said the discretionary determination as to whether to exercise the yes your honor absolutely i i wouldn't argue otherwise this circuit has a very long and uh uh seasoned jurisprudence in this area um this court has dismissed uh and vacated judgments and and remanded when the judge and both parties agreed to go forward on a state law claim your honor's decision in valencia makes that very clear uh even when the all the parties agree so obviously you can't have a waiver in that i mean you wouldn't ordinarily have a waiver in that context the court said no the issues are far too important with regard to the comedy and federalism issues that are embedded in section 1367 and has gone on to do its own analysis so that's another reason why i think you know the whole waiver question uh as to whether they drop the claim or not is is a bit over overshadowed well it's only a bit overshadowed i think it's ultimately trumped by the fact that this court would have the jurisdiction and in fact based upon the decisions of this court the obligation to make its independent review of the 16 1367 factors and come to the result that uh we're proposing i see my time is up um just very quickly if i may yes with regard to the the two other issues in the case the very difficult state law issue that needs to be decided as well as the the evidentiary ruling which essentially prevented not essentially it actually prevented uh the defendants from proving up the fact that they paid between 200 and 500 percent of they were fully paid those are issues in what i would call this court's red zone because it would have to get past the 1367 issue to address them uh which again i urge the court not to uh mostly because of the federalism issue is there no there's no similar defense to the federal claims no your honor uh not with respect to the rape theft claim and see what your honor what i think happened here and it might have turned out differently under the federal claim is if the evidence had been admitted at trial you could disprove the fact that uh there was a there was a violation not of the notice claims but of the underlying wage claim if the evidence had been presented to the jury that these folks made between two and five hundred percent all of them of minimum wage throughout the entire time they worked for the restaurant i don't think it would lead to federal liability thank you so sorry just because the federal law doesn't have the same tip credit provision it does it does have that there is a tip credit do they have a provision that says if you don't give notice in such and such a way you don't get the benefit yes yes i was not talking about a tip credit violation though a tip credit violation a wage violation are separate violations although in new york law they can be but the wage the the wage claim here as i understand it is really a because you didn't give notice of the tip credit but you took it you didn't pay me the wages i was entitled to and that claim stands regardless of whether you ultimately receive 10 times the minimum wage if without you're having taken the tip credit you would have received 11 times the minimum wage then it's a claim right no in new york that's exactly what we're arguing against because in new york what we're saying is the affirmative defenses apply to the notice provisions okay so if you can prove full and timely payment even though you didn't provide the appropriate notice under the statute you can prove that they actually got paid in full and timely way you don't lose the tip credit you're chasing its tail right question of what's full payment the minimum wage all right i'll catch you more okay thank you good morning and may it please the court my name is joseph nusbaum and uh my office represents the class member appellees in this matter um i'll jump right into the jurisdictional issue uh because because that's that's the big one uh the appellants here are operating on a fictional record uh it was always the party's intention to take the federal claims to trial uh and what the party simply did per judge wood woods's suggestion was subsume or encompass those federal claims in the state law claims because the state law claims provide for greater relief longer limitation period uh higher minimum wages that the class would recover under and that was always clear uh to the parties uh throughout this litigation so what's your position as to what the current status is of those federal claims they haven't been abandoned there's actually a judgment for them the the the judgment for the new york labor law claims encompass those federal claims and when you say encompassed it it you don't need the federal law claims because the new york claims do the same work but is it your position that the district court's partial summary judgment um included a judgment on the federal claims yes your honor the the the court's partial judgment includes includes the federal claims in it and and and and uh judge woods himself uh notes noted this after the trial in the in the rule 59 uh decision that that my colleague referenced earlier and i'm quoting from the the joint appendix at page 942 judge wood says quote the parties and forgive me he the court was reciting the background of the case that led up to the trial and at 942 he says or said the parties also agreed that we would only charge the jury with respect to the new york labor law claims since liability with respect to them would establish liability under the FLSA and there could be no duplicative recovery so the judgment for your honor's question encompassed a judgment of the federal claims together with the the new york the new york state claims and and and this this mode of of bringing FLSA and new york labor law claims which which the district courts in the circuit see all the time bringing those claims to to a trial has actually been endorsed by by the circuit in the case in the in our in our brief and at page 83 of that decision uh and i'll quote that as well the court uh endorses uh an approach where plaintiffs bringing FLSA and new york labor law claims quote streamline the issues for the jury by not having to prove FLSA elements not required for new york labor liability under which all their recovery could be obtained and in that case a district court had dismissed to respond they dismissed a case on the eve of trial because plaintiffs like the plaintiffs here pursued jury instructions for just the new york claims and the circuit admonished that district court saying that what could have what was happening here or could have been happening here is that the plaintiffs were simply encompassing or including uh the federal claims within the within the state law claims so the jury the jury was not instructed with respect to FSLA elements that that's correct your honor and the reason for that was just to avoid confusion of the jury uh if if if there would be there's no double recovery as the court noted earlier uh and it would just lead to a situation where the jury would be deciding the same issue twice with no clear uh direction as to why why it would be be required to be doing so um my colleague also noted that that the record shows that that defendants knew all along that this is what what we were doing in this case uh and i'll just note a few things that uh in in the jpto the joint pre-trial order uh the defendants uh the party stipulated uh at this is at the joint appendix at 131 that quote this court has supplemental jurisdiction over the new york state law claims as they are so related to the claims in this action are not were are and at the end of that stipulation defendants stated defendants do not contest jurisdiction that's because they understood uh you know what what what what the plan of action was here um and then uh defendant's position is actually remarkable the appellant's position because throughout the joint pre-trial order they reference the FLSA so in the same breath that they're telling this court that the FLSA claims were not pursued uh in that same breath they they actually included references to the FLSA throughout the pre-trial materials uh joint appendix 135 as an example defendants say that at trial they plan they will demonstrate that defendant david gattenfart is not an employer within the meaning of the new york labor law or the FLSA the parties also uh submitted joint proposed voir dire uh which referenced federal claims they submitted proposed jury instructions all of which uh all of which cite to FLSA claims uh that everyone knew were being tried here and viewed in that regard it's not surprising that we never heard from the defendant appellants throughout the the five plus years before this case was tried and and up until up until this this appeal um and viewed in that regard as well the defendants make an argument for judicial estoppel uh which actually uh turns on them uh they were the ones who agreed to this uh to the mechanics of having the federal claims tried this way um and they should they are the ones who should be stopped from making arguments in the other direction uh today um and and just to be perfectly clear since um the federal claims are extant in this litigation 1367 c is not triggered and all the defendants whole appellants whole discussion on that issue uh just never really comes to the table uh the court uh noted the issue of of of uh of the jury instruction on the judge robinson noted the the defendants the restaurant and and its owner could have paid the the plaintiffs the plaintiff employees a million dollars in tips that would still not change the fact that they had to pay them the minimum wage uh for the time that they work and to be clear they wouldn't be the ones paying the tips it would be the customers paying the tips so since the customers would be paying the the employees the tips the restaurant at all times has had an obligation it has an obligation uh to pay its employees uh a minimum wage overtime um and they decidedly didn't do that here in fact their own payroll manager admitted that they didn't do that here uh and and so that that doesn't change they they the of instruction to the jury or evidence for the jury about the amount of tips that the that the employees earned would not change anything in terms of the liquidated damages analysis under the new york labor law uh for an employer who's found to have violated the new york labor law to avoid paying double penalties they have to show that they took active steps to ensure that they were complying with the law if they show the jury that they paid the that the that the employees were paid tips that would do nothing to show the to tell the jury that they took active steps and i have actually jumped ahead because even before that they never brought this issue uh to the district court's table at any point in the trial they did try to get evidence of the amount of tips in however they said it was for a completely different purpose uh judge woods had a uh judiciously um balanced the probative value of that of that evidence against its ability to to confuse uh or or or or inflame the jury and he found that the reasons that defendants themselves said they wanted to bring it in uh were improper in fact he offered for for the plaintiff employees uh proffer that they the parties stipulate that the class members received all of the tips that they were owed so to the extent the defendants wanted to make an argument at the state that they took active steps at the liquidated damages phase they could have used that stipulation the record is clear that they never took up the court's offer or plaintiff's offer uh to stipulate uh to that information lastly on the state law issue it's clear that that that judge woods decided that issue properly but this court need not get to that level uh of wading into what the state law issue is because the even if defendant appellants are correct uh that would constitute harmless error uh the the jury was instructed with affirmative defenses the affirmative defense that the the appellants uh seek here and the jury found for the class members there would be no reason to further instruct them again the exact same uh affirmative defense uh only to find again that the class members uh uh were entitled to judgment on on that um if the court has no further questions we'll rest on our boots i just quickly want to bring this sort of issue of our jurisdiction um if you're right that the fair labor standards act claims are alive and well and continue to be part of this case i'm just rereading judge woods 54b certification i see no mention of them if you're right that they are still part of the case don't we have a problem as to whether uh certification of the appeal is proper our understanding is that the federal the flsa claims are subsumed and when you say subsumed they're not documented as having been adjudicated by the judgment or incorporated in the judgment the judgment only references in the new york claims so if subsumed means plaintiffs don't need them anymore so they've abandoned them that's one that's what i understand one view of that is and if subsumed means we have a parallel judgment sort of a ghost judgment that we can't enforce because you can't get double recovery that's not reflected in the district court's judgment below it only awards partial certification as to new york i'm just i'm just trying to puzzle through how we deal with this sort of undocumented understanding about the fair labor standard well it's because there is no we can't the class cannot get a double recovery you could get a judgment for you could get two judgments that are not simultaneously recoverable i mean that can be built into the judgment but you're still getting a judgment understood so they were not withdrawn or abandoned they they are just not needed to be tried at that at that point there's no there's no need to pursue them okay thank you yes very quickly may i put your puzzling to rest your honor because there's a very simple answer to all of this as i said and listen 1367 has another provision that says if the state law claims predominate the case then the district court can refrain from exercising supplemental jurisdiction well if i just heard an argument for predomination uh i hear that they didn't need to go forward with the federal claim because does it say the district court must no may your honor it's a discretionary it's an it's a discretionary call but i would say your honor when you conjoin that with the open state law issues then it becomes mandatory i think at that point it becomes an abuse of discretion in the court this court has said repeatedly that going farther and adjudicating open state law questions is particularly an abuse of discretion so my invocation of the uh of the one point about uh state law predominance is only to kind of get the court out of the quagmire of whether or not they actively this dismissed or withdrew it which makes is the only thing that makes sense given the documentation as vague as it is but where are the federal well there's no documentation of dismissal either there's no documentation of a judgment of dismissal there's no documentation in the docket that those claims are gone at least not that we found nor is their documentation that they've been resolved so that's but then your honor's point is exactly right which is if that's the case the rule 54 b certification is inadequate so we don't have jurisdiction here your appeal well i don't think that's i don't think that's the i don't think that's the inference the court should draw i don't think the conclusion the court should draw i think that the court should find there is no more federal jurisdiction here uh by virtue of their actions if not their words and at the end of the day your honor if there's no federal jurisdiction and we're managed for the other stuff this argument is coming back again but the final judgment because we can't change the district court's ruling well thank you thank you no further questions we rest on thank you both we'll take the case under advisement